■ The People of the State of New York, Respondent, v Ronnie Lucas, Appellant.—Judgment, Supreme Court, New York County (Richard Lowe, J.), rendered March 31, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

Defendant was arrested in a "buy and bust" operation as the "steerer" who aided Santiago Cruz in selling crack cocaine to an undercover officer. The officer testified that he said to defendant "[a]ny crack doing?" whereupon defendant responded "[w]hat do you want?" The officer then replied "I'm looking for two nice ones." Defendant told the officer to wait and approached Cruz who gave defendant three vials with pink caps. Defendant gave two of the vials to the officer in exchange for $20 in prerecorded buy money, kept one of the vials himself, and then told the officer "[n]ext time see me, I'm always around."

Defendant contends that the evidence was insufficient to demonstrate that he aided Cruz in selling drugs and instead established that he was merely an agent of the buyer, that he received no "profit" for his assistance, and that he "merely received a vial of crack to support his drug habit." We disagree. The facts in this case represent the typical scenario of a street sale of drugs, where one person deals directly with

the buyer and the other holds the drug supply. In any event, "whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve" *(People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). "[B]asically the jury must rely on its own common sense and experience to determine whether, under the circumstances, the defendant was in fact accommodating a friend or was simply a streetwise peddler attempting to avoid the penalties for sale." *(Supra,* at 75.) The evidence was sufficient to support the jury's conclusion that defendant was the latter. Defendant did not promptly object on a specific ground to the backup officer's testimony that $140 was recovered from Cruz, including the $20 in buy money. Accordingly, any objection to this testimony has not been preserved for review *(People v West,* 56 NY2d 662). Furthermore, such testimony was not prejudicial to defendant on the question of agency, since Cruz was the seller and would logically have ended up possessing the money even if defendant *had* only been an agent of the buyer, as he contends.

Defense counsel argued to the jury on summation that the undercover officer's testimony was not believable and was fabricated to guarantee a conviction. In response, the prosecutor argued that the officer had "no motive to lie" and had "no stake in the outcome of this proceeding one way or the other." The prosecutor did not, therefore, personally vouch for the officer's credibility. In any event, the comment was a fair response to the summation by defense counsel *(People v Cole,* 54 AD2d 643). We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.