■ The People of the State of New York, Respondent, v Robert Mason, Appellant. [764 NYS2d 80] —Judgment, Supreme Court, New York County (Lewis Stone, J.), rendered July 20, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, and sentencing him, as a predicate felony offender, to three concurrent terms of 6 to 12 years, unanimously reversed, on the law, the charge of criminal possession of a controlled substance in the third degree (intent to sell) dismissed, and the remaining charges remanded for a new trial.

Contrary to defendant's contentions, his conviction was fully supported by the weight of the evidence. Defendant argues that his behavior was consistent with that of a long-term drug addict who, desiring only to obtain drugs to feed his own addiction and expressing greater interest in the undercover officer's body than in consummating a sale, acted solely on behalf of the officer when he obtained the drugs and transferred them to her. However, the evidence established that his behavior was

consistent in more respects with that of a "steerer-screener" (*see People v Lucas*, 162 AD2d 273, 273-274 [1990], *lv denied* 76 NY2d 860 [1990]). Inter alia, the passes he made at the undercover officer do not establish that his motivation for assisting her in obtaining drugs was his desire to have sex with her (*cf. People v Tucker*, 288 AD2d 95 [2001]).

Despite the clear evidence of defendant's guilt, we are constrained to reverse the conviction because defendant was absent from the read-back of instructions during jury deliberations, which has been held to be a material stage of the trial (*see People v Ciaccio*, 47 NY2d 431, 436-37 [1979]). The People's argument that defendant's absence in this case was de minimis was expressly rejected by the Court in *People v Mehmedi* (69 NY2d 759, 760 [1987] ["Because this defendant was absent during a material part of his trial, harmless error analysis is not appropriate"]).

Since defendant's conviction for criminal possession of a controlled substance with intent to sell was based on his possession of the very glassines he sold to the undercover, the possession count should have been dismissed.

We have considered and rejected defendant's remaining contentions. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Ellerin and Gonzalez, JJ.