**Christobol SOLIS, Petitioner,**

v.

**Hans J. WALKER, Respondent.**

**No. 92 Civ. 3967 (VLB).**

United States District Court,
S.D. New York.

Sept. 17, 1992.

---

Christobol Solis, pro se.

Eric J. Adler, Office of the Dist. Atty., Sullivan County, Monticello, N.Y., for Walker.

## AMENDED MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Christobol Solis has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from a state conviction for criminal sale and possession of cocaine, arguing that the evidence did not support the convictions, that a missing witness instruction should have been given, that the entire panel interviewed as potential jurors in a case with arguably similar facts should have been excused, and that his sentence was inappropriate.

Each of these points was carefully considered and then rejected by the Appellate Division of the New York State Supreme Court, Third Department in No. 589075 (May 30, 1991). I find the state appellate court decision well reasoned, discern no violation of federal law, and deny the petition.

### II

■ While federal law clearly requires that there be evidence from which a reasonable jury could convict, in this case it is virtually undisputed that police officers discussed cocaine with petitioner, that cocaine was in petitioner's room and that he was correctly identified. The officers testified that petitioner agreed to sell the cocaine. The jury had a right to credit this testimony if properly tested in the crucible of cross-examination as required by the Confrontation Clause. Here there is no claim that cross-examination was unduly restricted, or that the defense counsel was precluded from pointing out that recording devices failed to work during the meetings involved and that informants present were not called to testify.

### III

■ While a missing witness instruction may be given where an informant is not called, such an instruction is neither constitutionally required nor invariably appropriate. Such an instruction merely suggests

the permissibility of an inference which a jury may but need not make, and which jurors are fully capable of making without a specific instruction if counsel chooses to argue the point and is not foreclosed from doing so. Here, no complaint about restriction of defense summation arguments has been presented.

Informants are not necessarily reliable or credible. For the courts to formulate rules mandating their use as witnesses or the alternative of a constitutionally required missing witness instruction would represent a dubious contribution to accurate factfinding in the criminal justice process. Where, as here, the prosecution does not choose to attempt to rely on informant testimony there is, indeed, a recognized interest in preserving informants' anonymity, absent a convincing reason for disclosing their identity. Compulsory (or semi-compulsory) revelation of the identity of an informant could often compromise other ongoing investigations, informants, and undercover agents with no gain to the administration of justice. See *In re United States*, 565 F.2d 19 (2d Cir.1977), *cert. denied* 444 U.S. 903, 100 S.Ct. 217, 62 L.Ed.2d 141 (1979).

█ Petitioner makes no showing of an unsuccessful effort to ascertain the identities of the informants and to subpoena them as defense witnesses. See *United States v. Fernandez*, 506 F.2d 1200 (2d Cir.1974). Absent any such effort, petitioner cannot persuasively claim prejudice from their nonappearance at the trial, whether this claim is made on the basis of the denial of a demand for a missing witness instruction or in some other way.

There is no basis to assume that the jury, without the assistance of a necessarily equivocal instruction, could not evaluate the inference or absence of inference to be drawn from failure to call an informant as a witness. No authority is cited that a missing witness instruction in regard to an uncalled informant was required by the Fourteenth Amendment or its Due Process Clause, or that its omission was a violation of equal protection principles.

## IV

█ Petitioner asserts that excuse of an entire panel of potential jurors was mandated by federal constitutional requirements because the members of the panel had been questioned as potential jurors in another case having some similarities.

Petitioner seems to argue that a completely separate array must be brought to court for interviewing in each criminal case involving any similarities to other cases in legal theory, witnesses or facts, even in the absence of any demonstration of prejudice. No authority for such a striking proposition as a matter of federal constitutional law has been suggested. Such a requirement is not only unsupported by any authority but would appear illogical unless the *voir dire* involved in the earlier case were itself improperly conducted. See *United States v. Resto*, 824 F.2d 210, 212–14 (2d Cir.1987).

In addition to being contrary to judicial economy, any such concept would insult the intelligence of ordinary citizens whose primary qualification for service as jurors is their common sense. This is normally—and was in this case—fortified by ordinary, normal instructions of the court concerning the basic functions of the jury. No criticism of those instructions here (apart from the complaint of lack of a missing witness instruction based on failure to call informants) has been advanced.

## V

The state appellate court found that petitioner's criminal record justified the sentence imposed, which was within statutory limits. No invidious discrimination triggering equal protection concerns has been shown. No federal constitutional violation appears involved.

SO ORDERED. ·