Samuel BROWN, Petitioner,

v.

**John DOE, Warden, Respondent.**

No. 89 Civ. 2920 (VLB).

United States District Court,
S.D. New York.

Feb. 1, 1993.

Robert N. Isseks, Goshen, NY, for petitioner.

Deborah Wolikow Loewenberg, Asst. Dist. Atty., Dist. Atty. of Rockland County, New City, NY, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

A petition for a writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254 on behalf of petitioner Samuel Brown, presenting arguments grouped into twenty-one (21) points, as grounds for requiring reversal of his 1984 state court conviction for felony murder, robbery and other crimes associated with the so-called Brinks robbery.

In my memorandum order dated October 16, 1992,[1] I found all but one of petitioner's arguments lacking in merit. I deferred decision on that argument for the reasons discussed in part IV of the memorandum order of October 16, 1992. This ground concerned alleged physical maltreatment of petitioner found by a state court to have occurred while petitioner was incarcerated at the Rockland County Jail.[2] Petitioner submitted no evidence to suggest that the alleged maltreatment affected the verdict in petitioner's trial, but argued that the Constitution mandates a remedy of some kind for behavior of this type.

### II

To assist me in determining whether further judicial remedies were required to deal with the conduct found by the state court, I directed respondent to obtain information concerning current steps being taken to avoid the risk of recurrence of events of this type. A submission was made by the District Attorney of Rockland County which I direct be made part of the record together with the response of counsel for petitioner.[3]

For the reasons which follow, I find that no further relief of a type I am empowered to grant on a *habeas* petition is required. Based on this conclusion and those set forth in the October 16, 1992 memorandum order, I deny the petition.

### III

I recognized in part IV of my memorandum order of October 16, 1992 that an excruciating dilemma would be presented when if law enforcement authorities engaged in abuses of the type found by the state court here, even though such misconduct did not affect the outcome of a *habeas* petitioner's trial, if the result was that the judiciary was powerless to provide any remedy. Such a dilemma is not presented in this case.

Petitioner has brought two civil suits under 42 U.S.C. § 1983 growing out of the incident involved, filed respectively in 1983 and 1984: *Brown v. Lindermann, et al.,* 83 Civ. 6174 (RLC), and *Brown v. Solfaro, et al.,* 84 Civ. 7585 (RLC). These actions, which are still pending, provide a viable potential avenue for relief assuming petitioner's allegations can be established; § 1983 specifically provides for a party injured by violation of constitutional rights to have "an action at law [suit for damages], suit in equity, or other proper proceeding for redress." The *habeas* remedy of release might have been the sole possible remedy of last resort had fear, intimidation or other factors prevented a § 1983 action from being brought within applicable time limits.

Those conditions did not obtain; the incident involved did not affect the reliability of the trial verdict; and application of *habeas* relief would accordingly be inappropriate.

### IV

An institutional entity can, of course, be held responsible for misdeeds even where individual liability cannot be pinpointed. See *Allen v. City of Yonkers,* 803 F.Supp. 679 (S.D.N.Y.1992). This is one reason why in part IV of my memorandum order

---

1. 803 F.Supp. 932 (S.D.N.Y.1992),

2. In *People v. Brown,* 125 Misc.2d 132, 479 N.Y.S.2d 113 (Westchester Co.1984), the state court found that petitioner was severely beaten in the Rockland County Jail, resulting in a broken neck, and that medical treatment was de-
layed, but that this did not affect the trial or the validity of petitioner's conviction.

3. The District Attorney's submission is summarized in a letter dated January 20, 1993 which I likewise direct be made part of the record.

of October 16, 1992 I called for a response from the current authorities in charge of relevant state and local agencies as of 1992.

The responses made indicate that as of the present, significant efforts to minimize risks of events similar to those alleged to have occurred are being made, both through binding policies and practical review of behavior. The Mission Statement of the 1991 Rockland County Correctional Center Operations Manual issued November 1, 1991 provides that the "basic functions ... are the security, health and welfare of all persons incarcerated," and that while "security is considered the most important ... the health and welfare are equally significant." These concepts are made more explicit in the Rockland County Jail Code of Conduct, and a specific provision bans physical force "as a form of punishment." The current performance of the jail in these respects is also monitored by the State Commission on Correction, which conducted an "Intensive Evaluation" in 1990 and found that at that time staff/inmate relations were generally good.

Petitioner argues that local authorities necessarily gave short shrift to the findings of misconduct during petitioner's stay at the jail, because they did not present the matter to a grand jury or initiate disciplinary action. This argument bypasses the responsibility of the local prosecutor to make an independent evaluation of the facts prior to seeking an indictment, without being bound by findings made by a court in another context. See ABA Standards for Criminal Justice §§ 3–2.1, 3–3.4, 3–3.9; *United States v. Kattar*, 840 F.2d 118, 127 (1st Cir.1988), quoting Brennan, *The Criminal Prosecution: Sporting Event or Quest for Truth*, 1963 Wash U.L.Q. 279.

It is evident that efforts are presently being made to avoid the kind of incident alleged to have occurred in petitioner's case.

SO ORDERED.