**Marcos MOSQUEDA, Petitioner,**

v.

**Robert MITCHELL, Respondent.**

**No. 93 Civ 2945 (VLB).**

United States District Court,
S.D. New York.

Oct. 23, 1993.

---

Marcos Mosqueda, pro se.

Mayo G. Bartlett, Asst. Dist. Atty., White Plains, NY, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Marcos Mosqueda has filed a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 challenging a state court conviction for criminal possession of controlled substances. On December 3, 1986 petitioner was convicted of such crimes; he was sentenced to imprisonment for 9 years to life. Petitioner challenges his conviction on three grounds and questions the logical justification for his sentence. For the reasons set forth below, I deny the petition.

### II

Petitioner alleges that his arrest was not supported by articulated facts and hence the fruits of search and seizure incident to the arrest should have been suppressed and the indictment dismissed.

■ Suppression of evidence is not required by the text of the Fourth Amendment, which seeks to protect the public against unreasonable searches and seizures. Suppressing the fruits of illegal searches or seizures is, rather, a judicially created remedy adopted to compensate for inadequacies in other means of insuring compliance with the Fourth Amendment. See *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The suppression remedy was imposed in order to deter police misconduct contrary to the Fourth Amendment, not to protect the guilty from truthful evidence relevant to factfinding. See *Linkletter v. Walker,* 381 U.S. 618, 636–40, 85 S.Ct. 1731, 1741–44, 14 L.Ed.2d 601 (1965).

■ Against this background, where state remedies for alleged illegal searches and seizures are available (whether or not pursued), post-conviction federal *habeas corpus* relief is not, because to provide it would do little to insure compliance with the Amendment while adding significantly to post-conviction litigation irrelevant to actual guilt or innocence. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).

■ Petitioner's objection to the grounds for his arrest, apart from the search and seizure, cannot form an independent basis for challenging his conviction. The conviction stands on its own, based on proof adduced and a verdict rendered. No arrest is, indeed, prerequisite to an indictment or conviction. Errors, if any, at the arrest stage (apart from any illegal search or seizure) are irrelevant to the conviction or sentence. See generally *United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986); *John v. People,* 1992 WL 261282, 1992 U.S. Dist. LEXIS 15113 (91 Civ 7634, S.D.N.Y. Sept. 29, 1992); *Brown v. Doe,* 803 F.Supp. 932 (S.D.N.Y.1992), *later decision* 811 F.Supp. 156 (S.D.N.Y.1993).

### III

■ Petitioner argues that the state court failed to instruct the jury on principles of agency law and that there was no evidence he was a drug dealer. Evidence was offered, however, that petitioner provided samples of cocaine (Tr. 43) and bragged that he did not "do" amounts of less than a gram of cocaine (Tr. 49). The jury could properly find petitioner a principal in sale of narcotics without considering issues of agency.

■ There is no contention here that the jury was not properly instructed on the elements of the crime charged, including the element of requisite intent, and told that it must find those elements beyond a reasonable doubt in order to convict. No authority is cited for the proposition that additional instructions relating to agency are required by the Constitution of the United States. Juries are competent based on their ordinary experience, which they are instructed to draw upon in any event, to draw proper inferences from circumstances leading them to find or not to find conscious, deliberate

involvement in criminal activity. There is no basis for finding a constitutional requirement for additional—and doubtless confusing rather than helpful—verbiage designed to elucidate the mental processes required. See *Solis v. Walker*, 799 F.Supp. 23, 25 (S.D.N.Y. 1992).

## IV

■ Petitioner argues that he was denied a fair trial because a codefendant who had pleaded guilty was not called as a witness by defense counsel. The codefendant was interviewed by petitioner's attorney prior to the decision not to call the codefendant.

Petitioner complains that the codefendant was intimidated when informed by the court that contradictory testimony under oath in connection with the plea of guilty and at petitioner's trial might constitute perjury. There is no claim that the codefendant refused to testify or indicated that he would refuse.

Warnings that witnesses are under oath when they already know this is the case are not to be encouraged as a general proposition, but are frequently used by cross-examiners without leading to mistrials. These tactics can be objectionable because they can be interpreted as intimidating, but then often boomerang for that very reason, and may strengthen the credibility of a witness who testifies contrary to the examiner's wishes after receiving such a warning. In many instances the ineffectiveness of this dubious stratagem is its own antidote. Requiring new trials or vacating convictions because of events of this type would ordinarily be counterproductive: a fair, not a perfect, trial is vouchsafed by the Constitution.

The trial court in the present case faced a dilemma: permitting the codefendant who did not at that time have counsel, to testify without such a warning might be unfair to the codefendant. While perhaps unfavorable to petitioner, who presumably hoped that the codefendant would contradict his plea, the warning may have been necessary in fairness to the witness.

Absent any indication that the trial judge was biased or did not conduct a basically fair proceeding, which is not even claimed here, leeway must be granted to the trial judge to determine how to deal with such matters with the greatest possible fairness to all involved—here the codefendant, the petitioner, and the prosecution.

No showing has been made and no affidavit submitted indicating what the codefendant would have said if called. No *voir dire* was held or requested to ascertain what the codefendant would have said if called before the jury or whether the court's comments had an intimidating effect.

The likelihood that one who had pleaded guilty to the offense involved and inculpated petitioner in the course of allocution for that plea would have made a persuasive defense witness is remote, whereas calling such a witness could readily boomerang against the party calling him. Defense counsel's choice not to call the witness cannot be second guessed on this petition, nor can the court's admonition be translated into a denial of the right to call the witness.

## V

■ Petitioner claims his sentence was illogical, but has not shown that it exceeded statutory limits, was out of line with other state court sentences for the crimes involved, or was otherwise cruel or unusual so as to violate the Eighth Amendment to the Constitution of the United States. Petitioner had been convicted for a 1976 attempted burglary, and two 1978 burglaries prior to the drug convictions challenged by the present petition.

## VI

■ In reaching the merits of petitioner's claims without examining whether each of them were exhausted, as I am permitted to do where a petition is denied under 28 U.S.C. § 2254(b), I take into account the criteria set forth in *Washington v. James*, 996 F.2d 1442 (1993). Where adequacy of state remedies is itself a sufficient basis for denial as in cases of alleged failure to suppress illegally seized items under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), comity

and federalism are best served by so ruling at the outset.

■ Petitioner's other claims are of the trial type with respect to which a substantial and injurious effect or influence in determining the verdict (or sentence) must be shown under *Brecht v. Abrahamson,* —— U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). No such effect has been shown; under such circumstances remitting petitioner to state court would not serve the interests of comity and federalism as well as quick disposition on the merits.

SO ORDERED.