**Wayne GREEN, Petitioner,**

v.

**Charles SCULLY, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 92 Civ. 4686 (VLB).**

United States District Court, S.D. New York.

Dec. 13, 1993.

Wayne Green, petitioner pro se.

John J. Gibson, Asst. Dist. Atty., White Plains, NY, for respondents.

VINCENT L. BRODERICK, District Judge.

I

Wayne Green filed a petition for *habeas corpus* under 28 U.S.C. 2254 seeking relief from his conviction in Westchester County Court for burglary in the second degree as a persistent felony offender and from his sentence to imprisonment for fifteen years to life on May 12, 1986. The petition was based upon unavailability of a transcript of the trial, said to be in part traceable to failure of petitioner's appellate trial counsel to obtain a newly prepared transcript if the court reporter's notes were still available. A hearing was held to reconstruct the events at the trial on September 21, 1989 based on detailed notes kept by the trial judge.

On April 25, 1989 the New York State Supreme Court, Appellate Division, Second Department, denied petitioner's motion for summary reversal of his conviction because of loss of the trial transcript. Petitioner's appeal from his conviction proceeded based on available information, leading to an affirmance by the same court on December 3, 1990. *People v. Green,* 168 A.D.2d 457, 562 N.Y.S.2d 576 (1990). Leave to appeal to the Court of Appeals was denied, 78 N.Y.2d 966, 574 N.Y.S.2d 946, 580 N.E.2d 418 (1991).

State courts are not constitutionally required to provide transcripts so long as the alternative offered is adequate to permit relevant points to be argued. *Draper v. Washington,* 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963). The issues petitioner claims could not be presented effectively involve (a) what occurred at the charging conference, (b) a request for a missing witness charge, and (c) a request for a lesser included offense instruction.

None of these issues presents matters of federal constitutional dimension, nor do they go to the guilt or innocence of the petitioner. A charging conference is useful

in order to assist the court in providing a proper charge to the jury. See Fed.R.Cr.P. 30. A charging conference is, however, not required of state courts by the federal Constitution, nor is it required by federal constitutional law to be transcribed if held.

## II

 According to the petition "no one"—by definition including petitioner—"could recall who the missing witness was." If a witness was of insufficient importance for the defendant to recall who that witness was—and still cannot even in the *habeas* petition provide an explanation of the importance if not the name of the witness, it is difficult to imagine that a missing witness instruction was appropriate, much less that its absence would justify reversal. Moreover, a missing witness instruction is merely a more formal articulation of an inference which a jury may draw or not draw on the basis of their ordinary experience. See generally *United States v. Nichols,* 912 F.2d 598, 601 (2d Cir.1990); *People v. Gonzalez,* 68 N.Y.2d 424, 502 N.E.2d 583, 509 N.Y.S.2d 796 (1986); Stier, "Revisiting the Missing Witness Inference," 44 Md.L.Rev. 137 (1985). Petitioner's argument relates at most to possible failure to give instructions which merely reinforce the availability of commonsense inferences a jury may or may not choose to draw. See *Solis v. Walker,* 799 F.Supp. 23 (S.D.N.Y.1992).

## III

A lesser included offense instruction is neither a federal constitutional requirement nor a matter that could not be argued without a transcript of the charging conference. All that would be necessary would be a concession that no such instruction was given, together with a description of the nature of the evidence against petitioner, not claimed to be absent here. These elements would permit an argument to be presented as to whether or not a lesser offense charge should have been given, and if so whether failure to do so would warrant reversal of petitioner's conviction.

## IV

 Petitioner asserts that failure of his appellate counsel to take further steps to obtain a potential substitute transcript constituted ineffective assistance justifying *habeas* relief. No case has been cited where ineffective *appellate* counsel was a basis for vacating an otherwise valid state conviction. In this instance, petitioner was obviously aware of the absence of the transcript because of the holding of the reconstruction hearing prior to completion of his appeals in the state courts. Petitioner could have asked his attorney to make such further efforts. He could also have sought, instead, to seek to take advantage of the absence of the transcript.

In any event, there is no indication that the alleged ineffective assistance was raised in any state court application as required by 28 U.S.C. 2254(b).

## V

The petition is denied. Because of its absence of merit, any appeal filed would be frivolous and not brought in good faith; consequently a certificate of probable cause or *in forma pauperis* relief under Fed.R.App.P. 24 or 28 U.S.C. 1915 respectively would be inappropriate.

SO ORDERED.