■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUSSELL E. BROWN, Appellant.— Judgment unanimously affirmed. Memorandum: In a trial on an indictment charging the defendant with murder, "it is an affirmative defense that: (a) The defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse ". (Penal Law, § 125.25, subd. 1 par. [a].)  The statute further provides that "When a defense declared by statute to be an ' affirmative defense' is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence " (Penal Law, § 25:00, subd. 2).  After the People rested, the defendant did not call any witnesses or offer any proof in his own defense,

but merely rested his case on the proof already in the record. Such is insufficient to establish the affirmative defense that the defendant acted under the influence of extreme emotional disturbance. While it is only in the exceptional case that the refusal to instruct the jury as to lower crimes is warranted (*People* v. *Richardson*, 36 A D 25), nevertheless, absent that defense, a review of this record reveals that there was no basis in the evidence by which the jury could find the defendant innocent of murder and yet guilty of manslaughter in the first degree requiring the trial court to charge the lesser or included crime (*People* v. *Mussenden*, 308 N. Y. 558, 563). Moreover, no request was made or exception taken by the defendant from the trial court's failure to so charge (*People* v. *Lawhorn*, 32 A D 2d 975). The search of the defendant's automobile in the Sheriff's garage following an observation by a police officer standing beside the auto of a writing on a carton of cigarettes inside the car, was not in violation of the defendant's constitutional rights (*People* v. *Harris*, 390 U. S. 234, 236). The writing made in defendant's own hand contained an inculpatory statement. Further, there were exigent circumstances present at the time of defendant's apprehension justifying a delayed search as an incident of lawful arrest (*Chambers* v. *Maroney*, 399 U. S. 42). In any event, similar admissions were properly before the jury in a statement made by defendant and read into the record so the receipt into evidence of this exhibit was not prejudicial. (Appeal from judgment of Monroe County Court convicting defendant of murder.) Present — Goldman, P. J., Gabrielli, Moule, Cardamone and Henry, JJ.