■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BEVERLY, Appellant.—Judgment unanimously affirmed. Memorandum: None of the issues raised by defendant requires reversal. The evidence was sufficient to show that defendant, who was found guilty of selling cocaine on six separate occasions, did not act as an agent of the buyer of the cocaine. The court properly refused to instruct the jury on the affirmative defense of entrapment because there was insufficient evidence to establish that defense *(see, People v Butts,* 72 NY2d 746; *People v Walker,* 64 NY2d 741, *rearg dismissed* 65 NY2d 924; *People v Brown,* 37 AD2d 685). The court's charge on reasonable doubt, when read in its entirety, was not erroneous *(see, People v Mitchell,* 124 AD2d 977). Defendant failed to show that he was prejudiced by the People's delay in providing the statement of their witness *(see, People v Ranghelle,* 69 NY2d 56, 63). The People were not required to charge the defenses of entrapment and agency to the Grand Jury because the evidence before the Grand Jury was insufficient to support the affirmative defense of entrapment and, unlike *People v Valles* (62 NY2d 36), defendant did not testify before the Grand Jury and there was no request that the defense of agency be charged. Moreover, there is no requirement "that the Grand Jury must be

charged with every potential defense suggested by the evidence" *(People v Valles, supra,* at 38), and the evidence "did not so clearly support the [agency] defense as to require its submission" *(People v Valles, supra,* at 41). The other issues raised by defendant, both in his main brief and in his *pro se* supplemental brief, either lack merit or were not preserved for review. (Appeal from judgment of Onondaga County Court, Cunningham, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.