■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELBERT L. THOMPSON, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the sentencing court erred in failing to honor its sentence agreement. Where, as here, the court expressly and specifically made its commitment to impose the minimum permissible sentence of two to four years subject to certain conditions and defendant subsequently violated one of those conditions, the court was no longer bound by the agreement but could impose a greater sentence without offering defendant an opportunity to withdraw his plea (see, People v Murello, 39 NY2d 879; People v Brooks, 154 AD2d 931; People v Harvey, 146 AD2d 585, 586, lv denied 73 NY2d 922; People v Dodson, 114 AD2d 421, 422).

The People were not required to charge the defense of agency to the Grand Jury. The evidence before the Grand Jury did not present a case of agency and, unlike People v

*Valles* (62 NY2d 36), defendant did not testify before the Grand Jury nor did he request that the defense of agency be charged *(see, People v Beverly,* 148 AD2d 922, *lv denied* 74 NY2d 661). Moreover, there is no requirement "that the Grand Jury must be charged with every potential defense suggested by the evidence" *(People v Valles, supra,* at 38) and the evidence "did not so clearly support the [agency] defense as to require its submission" *(People v Valles, supra,* at 41 [Kaye, J., concurring]; *People v Beverly, supra,* at 923).

Finally, we find that the sentence imposed was not harsh and excessive. (Appeal from Judgment of Supreme Court, Erie County, Kubiniec, J.—Attempted Criminal Possession Controlled Substance, 4th Degree.) Present—Doerr, J. P., Boomer, Green, Pine and Davis, JJ.