James **BEVERLY**, Petitioner,

v.

Hans **WALKER**, Superintendent, Auburn Correctional Facility, Respondent.

No. 92–CV–1237 (FJS).

United States District Court,
N.D. New York.

Aug. 29, 1995.

James Beverly, Marcy, New York, pro se.

Dennis C. Vacco, Attorney General of the State of New York, Amy Schallop, Ass't Attorney General, Albany, New York, for respondent.

## DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

Presently before the Court is the October 11, 1994 Report–Recommendation of Magistrate Judge Gustave J. Di Bianco, in which he recommended that the petitioner's request for a writ of habeas corpus be dismissed. Petitioner has not filed objections to the Report–Recommendation.[1] After a thorough review of the applicable law and the entire file in this matter, the Court approves the recommendation and reasoning as set forth by Magistrate Judge Di Bianco.

### BACKGROUND

Petitioner was convicted after a jury trial in the Onondaga County Court on October 22, 1985, on six counts of Criminal Sale of a Controlled Substance in the Third Degree. He was sentenced to six concurrent terms of twelve and a half to twenty-five years of imprisonment.

The conviction was unanimously affirmed by the Appellate Division, Fourth Department on March 10, 1989, *People v. Beverly*, 148 A.D.2d 922, 539 N.Y.S.2d 161 (4th Dep't 1989), and the New York Court of Appeals denied leave to appeal on May 16, 1989. Prior to the conviction being affirmed on appeal, petitioner moved under New York Criminal Procedure Law § 440.10 to vacate the judgment and for a writ of error coram nobis. That motion was denied by the Onondaga County Court on May 4, 1988, and the Appellate Division, Fourth Department denied leave to appeal on December 5, 1988. Petitioner again moved to vacate the judgment, which the Onondaga County Court denied on April 17, 1991. The Appellate Division, Fourth Department denied leave to appeal on January 24, 1992, and the Court of

---

1. The Court received materials from petitioner after the Report–Recommendation was filed which do not appear to be objections but rather appear to be related to a motion to amend the petition. The motion to amend is discussed in § I.

Appeals dismissed petitioner's application for leave to appeal on April 1, 1992.

In September 1992, petitioner, now an inmate at Mid–State Correctional Facility, petitioned this Court for a writ of habeas corpus and applied to proceed in forma pauperis. By order dated October 16, 1992, petitioner was allowed to proceed in forma pauperis under 28 U.S.C. fol. § 2254. The petition was served on respondent, who then filed an answer, accompanied by state court records and a memorandum of law seeking dismissal of the petition.

## DISCUSSION

The current petition raises fifty-five grounds for relief. The Court agrees with the Report–Recommendation of Magistrate Judge Di Bianco which found that grounds 5, 24, 26 and 36 are procedurally defaulted; that grounds 1, 2, 6, 9, 11, 14, 15, 18, 29, 34 and 39 are not cognizable on habeas corpus review; that grounds 3, 4, 7, 8, 10, 12, 13, 16, 17, 19–23, 25, 27, 28, 30–33, 35, 37, 38 and 40–55 fail on their merits; and that the petition should be dismissed.

## I. PROCEDURALLY DEFAULTED CLAIMS—GROUNDS 5, 24, 26 AND 36

■ In grounds 5 and 24 petitioner claims that the prosecution failed to establish that the substance he sold was actually cocaine. In grounds 26 and 36 petitioner claims that he was denied due process of law when the trial court did not charge lesser included offenses. The Court finds that the petitioner has procedurally defaulted on these claims.

■ "Because of comity and federalism concerns and the requirement that States have the first opportunity to correct their own mistakes, federal habeas courts generally may not review a state court's denial of a state prisoner's federal constitutional claim[s] if the state court's decision rests on a state procedural default that is independent of the federal question and adequate to support the prisoner's continued custody." *Epps v. Commissioner of Correctional Servs.*, 13 F.3d 615, 617 (2d Cir.1994). A procedurally defaulted claim may still be reviewed by a federal court, however, if the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

■ Here, although petitioner had raised these grounds on direct appeal, he had not objected to the evidence or jury charge during the trial. On appeal, the state argued that New York Criminal Procedure Law § 470.05 barred a challenge to the finding that the substance sold was cocaine because there was no objection to that finding at trial. Similarly, New York Criminal Procedure Law § 300.50(1) provides that objections to a jury charge are waived if not made before the jury retires to deliberate. The Appellate Division held that petitioner's arguments on these grounds "either lacked merit or were not preserved for review." Accordingly, this Court finds, as did the Magistrate Judge, that petitioner has procedurally defaulted on grounds 5, 24, 26 and 36. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir.1993); *Velasquez v. Leonardo*, 898 F.2d 7, 9 (2d Cir.1990). Because petitioner's trial counsel was not ineffective, *see* infra § III.H, petitioner has failed to show cause for the default. Therefore grounds 5, 24, 26 and 36 are dismissed. *See Fernandez v. Leonardo*, 931 F.2d 214, 217 (2d Cir.), *cert. denied*, 502 U.S. 883, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991).

■ Petitioner submitted papers after the Report–Recommendation was filed arguing that his constitutional rights were violated when he was not present at a hearing conducted pursuant to *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (Ct.App.1974). Because such a claim appears nowhere in the habeas petition, the Court will construe the papers as a request to amend the habeas petition. Although "[t]here are no specific habeas corpus rules with respect to amendment of a habeas petition," *Williams v. Bartlett*, 842 F.Supp. 64 (W.D.N.Y.1994), it appears that allowing an amendment here would be futile because petitioner has procedurally defaulted on his

claim and has not shown cause nor prejudice for the default.

Petitioner first raised this issue in the Onondaga County Court through a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440. That court denied the motion holding that petitioner's failure to raise the issue on direct appeal foreclosed him from pursuing it there. *See People v. Beverly*, No. 85–581 (Onondaga County Court May 24, 1994). The Appellate Division, Forth Department denied leave to appeal, holding that "there is no question of law or fact which ought to be reviewed." The Court of Appeals subsequently dismissed petitioner's application for permission to appeal. Because the state court made an adequate and independent finding of procedural default, and because petitioner has not made any attempt to show cause or prejudice, this Court will not review his claim. Accordingly it would be futile to allow petitioner to amend his habeas petition.

## II. NON–COGNIZABLE CLAIMS— GROUNDS 1, 2, 6, 9, 11, 14, 15, 18, 29, 34 AND 39

### A. Defective Grand Jury Proceedings

Grounds 1, 2, 6, 9 and 39 of the petition allege various improprieties in the grand jury proceedings. Grounds 1 and 2 allege that the prosecutor failed to properly instruct the grand jury as to the elements of the crimes charged and exculpatory defenses. Ground 6 alleges that the prosecutor improperly bolstered grand jury testimony by referring to drug deals that were not supported by evidence. Ground 9 alleges that petitioner was not allowed to appear before the grand jury, and ground 39 alleges that the grand jury proceedings violated due process because they were not recorded.

■ This Court finds, as did the Magistrate Judge, that a petit jury's guilty verdict transforms any defect in the grand jury proceedings into harmless error by establishing both that there was probable cause to indict the defendant and that the defendant was

actually guilty beyond a reasonable doubt. *United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1986). Claims of constitutional error arising out of state grand jury proceedings are thus not cognizable for federal habeas corpus review. *Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir.1989). Accordingly, grounds 1, 2, 6, 9 and 39 are dismissed.

### B. Claims Based on State Law

■ Grounds 11, 14, 15, 29 and 34 of the petition allege that the prosecutor and the trial court violated various state laws and denied petitioner due process of law.[2] Ground 11 alleges that the prosecutor violated New York Criminal Procedure Law § 260.30 by failing to make an adequate opening statement to the jury. Grounds 14 and 29 allege that the prosecutor and the trial court violated New York Criminal Procedure Law §§ 200.95(2) and 200.95(4) by denying petitioner's request for a bill of particulars. Ground 15 alleges that the prosecutor violated New York Criminal Procedure Law § 100.05 by failing to file a proper complaint with the trial court. Ground 34 alleges that the trial court violated New York Criminal Procedure Law § 300.10(4) by failing to inform the defense what counts were being presented to the jury.

■ A federal court may entertain a state prisoner's habeas corpus petition only to the extent that the petition alleges custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, federal habeas corpus relief does not lie for errors of state law that do not rise to the level of federal constitutional violations. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)). Because grounds 11, 14, 15, 29 and 34 allege state law violations, and petitioner has not shown that the alleged violations rise to the level of federal constitutional violations, those grounds are dismissed.

2. The habeas petition does not specifically identify which laws were violated; however, petitioner had previously argued on direct appeal that these

same violations were violations of state law. Therefore the Court considers these claims violations of state law.

## C. Sandoval Claim

Ground 18 of the petition alleges that the trial court violated petitioner's right to due process by denying his *Sandoval* motion. *See People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (Ct.App. 1974). Petitioner argues that the denial of the *Sandoval* motion prevented him from testifying at trial and kept the jury from hearing his side of the story regarding the drug sales to Officer Cecile. A habeas petitioner's failure to testify at trial is "fatal to any claims arising out of a *Sandoval* type ruling" because absent such testimony, a court has no "adequate non-speculative basis upon which to assess the merits of the claim." *Peterson v. LeFevre*, 753 F.Supp. 518 (S.D.N.Y.1991) (citations omitted), *aff'd*, 940 F.2d 649 (2d Cir.1991). As the Magistrate Judge found, because petitioner did not testify at trial, ground 18 is dismissed.

## III. CLAIMS FAILING ON THE MERITS—GROUNDS 3, 4, 7, 8, 10, 12, 13, 16, 17, 19–23, 25, 27, 28, 30–33, 35, 37, 38 and 40–55

### A. Sufficiency of the Indictment

Grounds 8 and 12 of the petition allege that the indictment was constitutionally defective because it did not set forth all of the elements of the crimes charged and because it contained duplicitous counts. A defect in a state indictment can only support a federal habeas claim if the indictment falls below basic constitutional standards. *Carroll v. Hoke*, 695 F.Supp. 1435, 1438 (E.D.N.Y. 1988), *aff'd*, 880 F.2d 1318 (2d. Cir.1989). An indictment is constitutionally sufficient if " 'it charges a crime [1] with sufficient precision to inform the defendant of the charges he must meet and [2] with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events.' " *De Vonish v. Keane*, 19 F.3d 107, 108 (2d Cir.1994) (quoting *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992), *cert. denied*, 504 U.S. 926, 112 S.Ct. 1982, 118 L.Ed.2d 580 (1992)). Generally, an indictment that states the time, place and essential elements of the alleged offense will meet constitutional standards. *Carroll*, 695 F.Supp. at 1438.

The indictment in the instant case meets constitutional standards. Each count of the indictment specifies the time and place at which the alleged crimes occurred and sets forth the essential elements of those crimes. The indictment sufficiently informed petitioner of the charges against him. Therefore ground 8 is dismissed.

Further, the Court finds that the indictment is not duplicitous. New York law requires that each count of an indictment charge only one offense. N.Y.Crim. Proc. Law § 200.30. Here, the indictment charged 28 counts, each of which charged only one offense and, where applicable, identified the applicable subsection of the criminal statute violated. Therefore ground 12 is dismissed.

### B. Pre–Indictment Delay

In ground 10 petitioner alleges that prosecutorial delay in indicting him was prejudicial and denied him due process. To establish a due process violation based on excessive pre-indictment delay, a defendant must show both that he was actually prejudiced by the delay and that the government's reasons for the delay were improper. *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468 (1971); *United States v. Scarpa*, 913 F.2d 993, 1014 (2d Cir.1990). A defendant claiming actual prejudice due to a pre-indictment delay must particularize his claims in order to overcome the presumption of legitimacy that attaches to an indictment brought within the applicable statute of limitations period. *United States v. Castellano*, 610 F.Supp. 1359, 1385 (S.D.N.Y.1985). Moreover, a prosecutor need not file an indictment immediately after assembling enough evidence to establish guilt beyond a reasonable doubt. *United States v. Lovasco*, 431 U.S. 783, 792–95, 97 S.Ct. 2044, 2049–51, 52 L.Ed.2d 752 (1977). An indictment delayed for investigative, as opposed to tactical, reasons does not violate due process, even if the delay actually prejudiced the defendant. *Id.* at 796, 97 S.Ct. at 2051.

Here, petitioner alleges that the prosecutor improperly delayed the indictment for several months to secure additional charges and to ensure that potential defense wit-

nesses would not be available. Petitioner claims that an indictment brought immediately after his initial sale of marijuana to Officer Cecile on August 20, 1984, would have prevented subsequent and more serious offenses involving cocaine. Petitioner further alleges that the delay precluded him from obtaining witness testimony that would have aided his defense.

Petitioner has shown neither prejudice from the delay nor improper prosecutorial motives. First, the "death or absence of potential witnesses" is sufficient to show actual prejudice only if the defendant can demonstrate that "material, admissible evidence has been lost." *Castellano,* 610 F.Supp. at 1385–86 (citations omitted). Moreover, the defendant must reveal both the substance of the missing testimony and the efforts made to locate the missing witnesses. *Id.* at 1386 (citing *United States v. Kidd,* 734 F.2d 409, 413 (9th Cir.1984)). Petitioner has not convinced the Court that material, admissible evidence was lost and, in any event, petitioner has not indicated what efforts were made to find the allegedly unavailable witnesses. Additionally, given that a number of courts have declined to infer prejudice from pre-indictment delays of several years, *Id.* at 1385, the seven-month delay between the first drug transaction and the petitioner's indictment militates against a finding of actual prejudice here.

Second, a prosecutor may delay an indictment when the delay could promote an ongoing criminal investigation by resulting in additional indictments. *Lovasco,* 431 U.S. at 796, 97 S.Ct. at 2051. Petitioner's indictment charged two other persons, Debbie Black and Reynaldo Garcia, with drug transactions that occurred at the Westside Saloon in the months following petitioner's initial sale of marijuana to Officer Cecile. The prosecutor thus properly used the pre-indictment delay to secure additional indictments against both petitioner and other persons.

Therefore ground 10 is dismissed.

## C. Composition of the Jury Panel

Petitioner alleges in ground 19 that he was denied due process because blacks were underrepresented in the venire. Although characterized as a due process violation, the claim actually alleges a violation of the Sixth Amendment's fair-cross-section requirement. "[T]o establish a prima facie violation of the fair-cross-section requirement, [a] defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren v. Missouri,* 439 U.S. 357, 364, 99 S.Ct. 664, 668, 58 L.Ed.2d 579 (1979). Plaintiff concedes, however, that the alleged underrepresentation was not the product of any systematic exclusion of blacks from the jury selection process. Petitioner's Traverse in Reply to Respondent's Memorandum of Law, at 18 (Docket # 12). Because petitioner cannot show an essential element of his claim, ground 19 is dismissed.

## D. Failure to Provide Exculpatory Information

Petitioner alleges in grounds 3 and 4 of the petition that his due process rights were violated when the prosecutor withheld the name and address of an informant and failed to provide certain police reports in a timely manner. A defendant's due process rights are violated when a prosecutor withholds exculpatory material that is "'material either to guilt or punishment.'" *United States v. Bagley,* 473 U.S. 667, 669, 105 S.Ct. 3375, 3377, 87 L.Ed.2d 481 (1985) (quoting *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963)). Evidence is material only if there is a reasonable probability that disclosure of the evidence to the defense would have changed the result of the proceeding. *Id.* at 682, 105 S.Ct. at 3383; *Miller v. Angliker,* 848 F.2d 1312, 1320 (2d Cir.1988), *cert. denied,* 488 U.S. 890, 109 S.Ct. 224, 102 L.Ed.2d 214 (1988). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at 682, 105 S.Ct. at 3383.

The Court agrees with the finding of the Magistrate Judge that the information allegedly withheld from petitioner would not have changed the outcome of petitioner's trial. Willie Lee, the informant whose identity and address were withheld from petitioner, participated in petitioner's August 20, 1994 sale of marijuana to Officer Cecile, but did not witness any of the subsequent cocaine transactions. Because the informant had no firsthand knowledge of the cocaine transactions for which petitioner was convicted, he could not have provided any testimony material to the case.

Further, this Court agrees with the Magistrate Judge that the police reports withheld from petitioner were not material. As the Magistrate Judge found, most of the reports concerned events outside the scope of the indictment, and the report that indicated that Officer Cecile had been to petitioner's apartment was not material because that information was actually presented to the jury during the cross-examination of Officer Cecile. Finally, the report that was withheld until the second day of the trial was not material because the defense was given a fair opportunity to use it at trial. Petitioner thus cannot show a reasonable probability that timely disclosure of the withheld information would have changed the outcome of the trial, and grounds 3 and 4 are dismissed. *Bagley*, 473 U.S. at 682, 105 S.Ct. at 3383; *Miller*, 848 F.2d at 1320.

## E. Prosecutorial Misconduct

 Ground 7 of the petition alleges that the prosecutor denied petitioner due process by continually interfering with the defense's presentation of its case. To obtain relief on a prosecutorial misconduct claim, a habeas petitioner must show that "the prosecutor engaged in egregious misconduct ... amount[ing] to a denial of constitutional due process." *Floyd v. Meachum*, 907 F.2d 347, 353 (2d Cir.1990). A prosecutor's conduct violates due process only if it deprives the defendant of a fair trial. *Blissett v. Lefevre*, 924 F.2d 434 (2d Cir.1991), *cert. denied*, 502 U.S. 852, 112 S.Ct. 158, 116 L.Ed.2d 123 (1991). The Court must review the allegedly improper conduct within the context of the

entire trial to determine whether it amounted to "prejudicial error." *Strouse v. Leonardo*, 928 F.2d 548, 557 (2d Cir.1991). Further, the Court must consider "the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the misconduct." *United States v. Friedman*, 909 F.2d 705, 709 (2d Cir.1990).

 The Court agrees with the finding of the Magistrate Judge that there was no prosecutorial misconduct. The defense cross-examined Officer Cecile at length and many of the allegedly frivolous objections were sustained. In any event, any misconduct would not have amounted to prejudicial error because the evidence against petitioner was sufficient to support the conviction. *See Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir.1991). Therefore ground 7 is dismissed.

## F. Trial Court Errors

Petitioner alleges in grounds 16, 17, 20, 21, 22, 32, 33 and 42 that trial court errors denied petitioner due process and the effective assistance of counsel.

 Grounds 16 alleges that the trial court erroneously denied petitioner's motion for a continuance. A trial court has "broad discretion" in deciding whether to grant a request for a continuance. *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983). To obtain relief, a habeas petitioner must thus demonstrate both that the trial court abused its discretion by unreasonably and arbitrarily denying a "justifiable request for delay," *Id.* at 11–12, 103 S.Ct. at 1616, and that the denial substantially impaired the petitioner's defense. *United States v. King*, 762 F.2d 232, 235 (2d Cir. 1985), *cert. denied*, 475 U.S. 1018, 106 S.Ct. 1203, 89 L.Ed.2d 316 (1986). In determining whether the trial court abused its discretion and violated due process, a reviewing court does not apply a mechanical test, but looks at the circumstances surrounding the request for a continuance. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964).

Here, petitioner's trial counsel requested "some time" to review police reports that the defense obtained on the eve of trial and

which referred to a potential witness. The trial court adjourned the proceedings until 11:00 a.m. the next day. Under the circumstances of this case, the trial court acted within its discretion in denying the request for a continuance. First, the reports detailed incidents that were outside the subject matter of the indictment. Second the reports referred to a potential witness that the defense was previously aware of and had adequate time to speak with. Lastly, the trial court afforded the defense ample time to further question the witness with regard to information contained in the reports. The denial of the motion did not prejudice petitioner and ground 16 is therefore dismissed.

Ground 17 alleges that the trial court erroneously denied petitioner's motion to dismiss the indictment. The Court agrees with the Magistrate Judge's finding that the trial court did not err in denying petitioner's motion because the evidence presented was sufficient to support the conviction. A conviction is supported by sufficient evidence if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Salerno*, 868 F.2d 524, 530 (2d Cir.1989), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 700 (1989). In examining the evidence, a reviewing court must evaluate the record as a whole, *United States v. Carson*, 702 F.2d 351, 362 (2d Cir. 1983), *cert. denied sub nom. Mont v. United States*, 462 U.S. 1108, 103 S.Ct. 2456, 2457, 77 L.Ed.2d.1335 (1983), and must consider both circumstantial and direct evidence. *United States v. LeRoy*, 687 F.2d 610, 616 (2d Cir. 1982), *cert. denied*, 459 U.S. 1174, 103 S.Ct. 823, 74 L.Ed.2d 1019 (1983). A person commits Criminal Sale of a Controlled Substance in the Third Degree when he knowingly and unlawfully sells a narcotic drug such as cocaine. N.Y. Penal Law § 220.39. The evidence presented at trial, construed in the light most favorable to the prosecution, supports the conclusion that petitioner knowingly sold cocaine on six separate occasions. Ground 17 of the petition is therefore dismissed.

Because the evidence presented at trial was sufficient to support petitioner's conviction, ground 13 of the petition, which alleges that the prosecutor failed to prove petitioner's guilt beyond a reasonable doubt, is also dismissed.

Ground 20 alleges that the trial court denied petitioner due process by failing to record the voir dire. A trial court's records may be sufficiently complete to allow effective appellate review and conform to the requirements of due process even in the absence of "a complete verbatim transcript." *Mayer v. Chicago*, 404 U.S. 189, 194, 92 S.Ct. 410, 414, 30 L.Ed.2d 372 (1971). In order to prove a due process violation a habeas petitioner must make the "best feasible showing he can" that a complete transcript would have changed the outcome of the case. *Ortiz–Salas v. I.N.S.*, 992 F.2d 105, 106 (7th Cir.1993); *White v. Florida Dep't of Corrections*, 939 F.2d 912, 914 (11th Cir.1991).

Petitioner has argued that a voir dire transcript would have supported his claim that he was denied a jury of his peers. As previously stated however that claim lacks merit because petitioner cannot prove an prima facie violation of his right to a jury of his peers. Therefore petitioner has not shown the necessary prejudice and ground 20 is dismissed.

Grounds 21 and 42 allege that the trial court denied petitioner effective assistance of counsel by interfering with the defense's cross-examination of Officer Cecile. The constitution requires that a criminal defendant be given an opportunity for effective cross-examination, but does not require unlimited cross-examination. *United States v. Owens*, 484 U.S. 554, 559, 108 S.Ct. 838, 842, 98 L.Ed.2d 951 (1988); *Harper v. Kelly*, 916 F.2d 54, 57 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1403, 113 L.Ed.2d 459 (1991). Trial judges have broad discretion to place reasonable limits on cross-examination, *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986), and such limitations are subject to an abuse of discretion standard. *United States v. Salerno*, 937 F.2d 797 (2d Cir.1991), *rev'd on*

*other grounds,* 505 U.S. 317, 112 S.Ct. 2503, 120 L.Ed.2d 255 (1992).

The Court finds that petitioner's constitutional right to cross-examine witnesses was not violated. Petitioner had ample opportunity to cross-examine Officer Cecile and had the opportunity to inquire into all the transactions at issue in the case and had the opportunity to impeach Officer Cecile with her grand jury testimony and police reports. Therefore grounds 21 and 42 are dismissed.

Ground 22 alleges that the trial court improperly marshalled the evidence in a manner favorable to the prosecution. For this claim to warrant federal habeas corpus relief, petitioner must show that the trial court deviated from proper trial conduct in a manner that was both significant and substantially adverse to petitioner. *See Jenkins v. Bara,* 663 F.Supp. 891, 898–99 (E.D.N.Y. 1987); *Johnson v. Scully,* 727 F.2d 222, 226 (2d Cir.1984); *Daye v. Attorney General of the State of New York,* 712 F.2d 1566, 1572 (2d Cir.1983), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984).

The Court finds, as did the Magistrate Judge, that petitioner's claims are not supported by the record. After reviewing the record, the Court finds that the trial court properly and impartially marshalled the evidence. The trial court instructed the jury that police officers are no more credible than other witnesses, that negative inferences could not be drawn from petitioner's decision not to testify and properly instructed the jury with respect to the prosecution's burden of proof and the presumption of innocence. Therefore ground 22 is dismissed.

Ground 32 alleges that the trial court denied petitioner due process by denying the jury's request for a read-back of Officer Cecile's testimony, and ground 33 alleges that the trial judge coerced the verdict by telling the jury that he "wanted the verdict back today." The record reveals, however, that the jury did not request a read-back of testimony, but instead sought to obtain exhibits that had not been admitted into evidence. The trial judge properly excluded those exhibits from the jury's review and properly offered transcripts of testimony. There is also no evidence that the trial judge demand-ed a verdict within a specific time frame. Therefore grounds 32 and 33 are dismissed.

### G. Errors In The Jury Instructions

Grounds 23, 25, 27, 28, 30, 31, 35, 37, 40 and 41 of the petition allege that errors in the jury instructions denied petitioner due process. An erroneous state jury instruction is grounds for federal habeas relief only if it " 'so infected the entire trial that the resulting conviction violates due process.' " *Blazic v. Henderson,* 900 F.2d 534, 541 (2d Cir.1990) (quoting *Cupp. v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)); *Estelle v. McGuire,* 502 U.S. 62, 71–73, 112 S.Ct. 475, 482, 116 L.Ed.2d 385 (1991). In deciding whether a jury instruction violated due process, the Court must evaluate the instruction " 'in the context of the overall charge.' " *Mullings v. Meachum,* 864 F.2d 13, 16 (2d Cir.1988) (quoting *Cupp,* 414 U.S. at 146–47, 94 S.Ct. at 400); *McGuire,* 502 U.S. at 71–73, 112 S.Ct. at 482. An omitted or incomplete jury instruction is less likely to violate due process than an instruction that misstates the law, *Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977), and a proposed jury instruction that is not supported by the evidence need not be given. *Blazic,* 900 F.2d at 541.

Petitioner argues in ground 23 that the trial court erred by not giving a missing witness charge. The alleged missing witness was Willie Lee, the man who introduced Officer Cecile to petitioner. Lee witnessed petitioner's August 20, 1984 sale of marijuana to Officer Cecile, but had no role in any of the cocaine transactions that led to petitioner's conviction.

A missing witness charge is not constitutionally required whenever an informant is not called as a witness, *Solis v. Walker,* 799 F.Supp. 23, 24 (S.D.N.Y.1992), and such a charge is generally appropriate only when the witness is "peculiarly within the power of either the prosecution or defense" and is capable of providing material testimony. *Journet v. Coombe,* 649 F.Supp. 522, 526 (S.D.N.Y.1986). Further, a missing witness charge is not required if the omitted

testimony would be "merely cumulative." *United States v. Torres,* 845 F.2d 1165 (2d Cir.1988) (citation omitted).

Here, given Officer Cecile's testimony, Lee's testimony regarding the August 20, 1984 marijuana transaction would have been cumulative. Moreover, Lee could not have provided material testimony concerning the subsequent cocaine transactions. Finally, petitioner has failed to show that Lee was unavailable to the defense. The trial court properly exercised its discretion by refusing to give a missing witness charge and ground 23 is dismissed.

■ Grounds 25 and 27 allege that the trial court improperly instructed the jury that no inference of guilt could be drawn from petitioner's decision not to testify and failed to charge the jury regarding circumstantial evidence. However, the record indicates that the petitioner's counsel requested the "no inference" charge, *see* Trial Transcript at 341, and the record reveals that the trial court did, in fact, give a circumstantial evidence instruction. *See* Trial Transcript at 375–76. Accordingly grounds 25 and 27 are dismissed.

Petitioner argues in grounds 30 and 35 that the trial court erred by failing to instruct the jury to separately consider each count and by providing the jury with inadequate verdict sheets. However, a review of the record reveals that the trial court instructed the jury to consider each count of the indictment separately, *see* Trial Transcript at 396, 404, 413, and the verdict sheet provided for alternate verdicts by requesting findings of guilt or innocence on all of the listed counts. Accordingly, grounds 30 and 35 are dismissed.

■ Ground 28 alleges that the trial court improperly refused to charge the jury on an entrapment defense. Under New York law, entrapment is an affirmative defense that a defendant must establish by a preponderance of the evidence. N.Y. Penal Law §§ 25.00(2), 40.05. To establish entrapment, a defendant must show that the police "actively induc[ed]" a person to commit an offense, "creat[ing] a substantial risk that the offense would be committed by a person not otherwise disposed to commit it." N.Y. Penal Law § 40.05. In the instant case, the defense did not present any evidence contradicting Officer Cecile's testimony that petitioner initiated the cocaine transactions. Accordingly, the trial court had no obligation to instruct the jury regarding that defense. *Blazic,* 900 F.2d at 541 (citing *Hopper v. Evans,* 456 U.S. 605, 611, 102 S.Ct. 2049, 2052, 72 L.Ed.2d 367 (1982)). Ground 28 is therefore dismissed.

■ Grounds 31, 37, 40 and 41 respectively allege that the jury instructions on agency, the presumption of innocence, intent, and reasonable doubt were inadequate. This Court finds, as did the Magistrate Judge, that the trial court adequately charged the jury on those issues. The trial court defined the term "agent," explained the requirements of the agency defense, and provided relevant factors for the jury to consider in determining whether petitioner was merely an agent. *See* Trial Transcript at 387–89, 414–16. The trial court properly instructed the jury on the presumption of innocence, *see* Trial Transcript at 379, 389, intent, *see* Trial Transcript at 394–95, and reasonable doubt. *See* Trial Transcript at 381, 388, 391–92, 395. Therefore grounds 31, 37, 40 and 41 are dismissed.

## H. Ineffective Assistance of Counsel

■ Petitioner alleges in grounds 43–55 that his trial counsel was ineffective. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show representation falling below an objective standard of reasonableness and a reasonable probability that absent counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984). In applying this test, the Court must be "highly deferential" and presume that counsel's conduct falls within the range of reasonable performance. *Id.* at 689, 104 S.Ct. at 2065.

Grounds 43–46, 48, 49, 53 and 54 allege that counsel was ineffective because he failed to properly protect petitioner's rights with respect the issues raised in grounds 9, 13, 16, 17, 19, 21, 23, 27, 35 and 42. The Court has already determined, however, that those

grounds are meritless and that the trial court properly instructed the jury. Accordingly, petitioner cannot show that his counsel's representation was unreasonable nor that his defense was prejudiced by counsel's failure to pursue those claims. Grounds 43–46, 48, 49, 53 and 54 are therefore be dismissed.

Ground 47 alleges that counsel was ineffective because he failed to request a lesser included offense charge. A lesser included offense is an offense that must be committed in order to commit the greater offense. In the case at bar, petitioner was charged with, among other things, Criminal Sale of a Controlled Substance in the Third Degree and Criminal Possession of a Controlled Substance in the Third Degree and Seventh Degree. The latter two offenses are lesser included offenses of Criminal Sale of a Controlled Substance in the Third Degree. *See* N.Y. Penal Law §§ 220.39, 220.16 and 220.03; *see also Rice v. Hoke*, 846 F.2d 160, 165 (2d Cir.1988) (It is "theoretically impossible" to sell a controlled substance without having possession of it and an intent to sell it.). A request for a lessor included offense charge was unnecessary because the jury was instructed on all of the charges. The Court finds that petitioner's counsel did not perform below an objectively reasonable standard and, therefore, ground 47 is dismissed.

Grounds 50, 51 and 52 allege that counsel was ineffective because he failed to object to certain evidence, failed to adequately prepare for the cross-examination of Officer Cecile, and failed to request certain curative instructions. Ground 55 alleges that counsel was ineffective because he failed to object at the sentencing to the trial court's determination of petitioner's criminal history. The Court finds, as did the Magistrate Judge, that these claims are meritless because the additional objections and preparation would not have affected the outcome of the trial. *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2063. A review of the record reveals that petitioner's counsel extensively and competently cross-examined Officer Cecile. Petitioner cannot show that further preparation would have altered the outcome of the trial.

Similarly, counsel's failure to object to the composition of the comparison sample used to determine that the substance petitioner sold was cocaine was not ineffective assistance of counsel. It is likely the government would have been able to prove that the comparative sample was appropriate and, moreover, there was ample corroborating evidence that petitioner knew he was selling cocaine, *see* Trial Transcript at 55–58, 65–67, 72, 79, 84, 87. Therefore petitioner cannot show that there is a reasonable probability that absent counsel's errors, the result of the proceeding would have been different.

Lastly, even assuming that the trial judge exaggerated petitioner's prior criminal record at sentencing, petitioner has not shown a reasonable probability that an objection by counsel would have affected the sentence imposed. Petitioner was convicted of Criminal Sale of a Controlled Substance in the Third Degree, which is a class B felony. N.Y. Penal Law § 220.39. At the sentencing, petitioner knowingly and voluntarily admitted that he had previously been convicted of Burglary in the Third Degree, *see* Sentencing Transcript (S) at 2–3, a class D felony punishable by a term of imprisonment of more than one year. N.Y. Penal Law §§ 140.20, 70.00(2)(d). Based on these admissions, petitioner was a second felony offender convicted of a class B felony, subjecting him to a maximum term of imprisonment of nine to twenty-five years, N.Y. Penal Law § 70.06(3)(b), and a mandatory minimum term of one-half the maximum term imposed. N.Y. Penal Law § 70.06(4)(b). Petitioner's sentence of six concurrent terms of twelve and a half to twenty-five years was thus appropriate regardless of any alleged exaggeration of his criminal history.

Accordingly, grounds 50–52 and 55 are dismissed.

It is hereby

ORDERED that the Report–Recommendation signed and filed Magistrate Judge Di Bianco on October 11, 1994 is APPROVED; and it is further

ORDERED that the petition be DENIED and DISMISSED; and it is further

ORDERED, that the state court records herein be returned directly to the office of the Assistant Attorney General at the conclusion of these proceedings.

**IT IS SO ORDERED.**