■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD BURDEN, Appellant. [732 NYS2d 758] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts each of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Defendant contends that the conviction is not supported by legally sufficient evidence because the People failed to disprove his agency defense beyond a reasonable doubt. By failing to make a motion to dismiss on that ground, defendant failed to preserve that contention for our review (*see, People v Gray,* 86 NY2d 10, 19). In any event, defendant's contention is without merit. Whether defendant was a seller or was merely acting as an agent of the buyer was a question of fact for the jury (*see, People v Lam Lek Chong,* 45 NY2d 64, 74, *cert denied* 439 US 935). Here, defendant engaged in three separate drug transactions, was able to obtain crack cocaine each time on short notice, demonstrated familiarity with drug "slang," and, according to the undercover police officer, was willing to deal with him after he was introduced to defendant by a confidential informant known to defendant. Additionally, defendant's credibility was impeached on cross-examination with evidence of a prior conviction of criminal sale of a controlled substance. Viewing that evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that the People presented legally sufficient evidence to establish that defendant was the seller of a controlled substance and not an agent of the buyer (*see, People v Watkins,* 284 AD2d 905).

Defendant further contends that reversal is required because the prosecutor failed to instruct the Grand Jury on the agency defense. We disagree. The evidence before the Grand Jury,

which consisted of the testimony of undercover police officers, did not so clearly support the agency defense as to require its submission (*see, People v Walker*, 265 AD2d 835, *lv denied* 94 NY2d 831; *People v Nelson*, 225 AD2d 636, 637). Further, "defendant did not testify before the Grand Jury nor did he request that the defense of agency be charged" (*People v Thompson*, 174 AD2d 1007, 1008, *lv denied* 78 NY2d 1082).

Defendant received effective assistance of counsel. Defendant's testimony was necessary to attempt to establish the agency defense, and thus defendant failed to demonstrate the lack of a strategic basis for the decision to allow defendant to testify (*see, People v Garcia*, 75 NY2d 973, 974). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Kehoe, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.