■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TORRENCE, Appellant. [758 NYS2d 886] —Appeal from a judgment of Erie County Court (DiTullio, J.), entered January 31, 2001, convicting defendant after a nonjury trial of, inter alia, criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convict-

ing him following a bench trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that he acted only as an agent for the buyer and that the People failed to disprove his agency defense beyond a reasonable doubt. We reject that contention. Defendant is correct that "one who acts solely as an agent for the buyer of narcotics cannot be convicted of the crime of selling those narcotics" (*People v Ortiz*, 76 NY2d 446, 448-449, [1990] *remittitur amended* 77 NY2d 821 [1991]). However, "whether a particular defendant has acted only as an agent for the buyer is a factual question for the [factfinder], which may consider such factors as 'the nature and extent of the relationship between the defendant and the buyer, whether it was the buyer or the defendant who suggested the purchase, whether the defendant has had other drug dealings with this or other buyers or sellers and, of course, whether the defendant profited, or stood to profit, from the transaction' " (*id.* at 449; *see People v Tillman*, 289 AD2d 1006, 1006-1007 [2001], *lv denied* 97 NY2d 734 [2002]). Here, defendant displayed "salesmanlike behavior" when he assured the undercover police officer that he would be pleased with the quality of the drugs he was about to purchase (*id.* at 1007). In addition, he clearly expected a benefit from the transaction, and he was intimately familiar with the neighborhood drug trade. Moreover, defendant arranged separate drug transactions for two undercover officers that same evening. Thus, the People established that defendant was not merely acting as an agent for the buyer (*see generally Ortiz*, 76 NY2d at 449).

Contrary to defendant's further contention, the People were not required to charge the defense of agency to the grand jury. "[T]he question of whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution" (*People v Valles*, 62 NY2d 36, 38 [1984]), e.g., whether, "had the Grand Jury believed that defendant's acts were justified, no indictment would have been returned" (*id.* at 39). In this case, even had the agency defense been charged, possession charges were pending that were not subject to an agency defense. Moreover, defendant did not testify before the grand jury nor did he request that the defense of agency be charged, and the testimony of the three grand jury witnesses did not establish a case of agency (*see People v Thompson*, 174 AD2d 1007 [1991], *lv denied* 78 NY2d 1082 [1991]; *cf. People v Jenkins*, 157 AD2d 854, 855 [1990]).

Defendant failed to preserve for our review his further

contention that County Court's delay in rendering the verdict was unreasonable (*cf. People v South*, 41 NY2d 451, 453 [1977]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Because the crimes charged involved separate transactions, acquittal of a charge arising out of one transaction does not necessarily negate an element of a charge arising out of the other transaction, and thus we reject the further contention of defendant that the verdict is repugnant (*see People v Cruz*, 147 AD2d 584 [1989]). We have examined defendant's remaining contention and conclude that it is lacking in merit. Present—Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.