■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE JACKSON, Appellant. [784 NYS2d 758]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered April 3, 2002. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]), and one count each of criminal sale of a controlled substance in the second degree (§ 220.41 [1]) and criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant contends that, in view of his agency defense, the verdict is against the weight of the evidence with respect to the counts involving the sale of cocaine. We conclude that the jury did not fail to give the evidence the weight it should be accorded (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). With respect to the first transaction at issue, the People presented testimony establishing that defendant procured 0.224 ounces of cocaine for an undercover police officer and asked the officer for a piece of the cocaine as compensation. The People also established that defendant told the officer that, "if [that transaction] went smoothly, further transactions would be possible in the future," and he gave his telephone number to the officer in discussing the possibility of a future transaction involving an ounce of cocaine. The People thereby established defendant's status beyond that of an agent with respect to the first transaction (see People v Torrence, 305 AD2d 1042, 1043 [2003], lv denied 100 NY2d 625 [2003]; People v Vaughns, 272 AD2d 915 [2000], lv denied 95 NY2d 872 [2000]; People v Lucas, 162 AD2d 273 [1990], lv denied 76 NY2d 860 [1990]). With respect to the second transaction at issue, the People presented testimony establishing that defendant procured 0.933 ounces of cocaine for the same undercover officer, that defendant retained for himself $200 of the $1,400 paid by the officer for the cocaine, and that defendant exhibited a familiarity with the terminology and practices of the illegal drug trade, thereby establishing

defendant's status beyond that of an agent with respect to the second transaction (*see People v Tillman*, 289 AD2d 1006, 1006-1007 [2001], *lv denied* 97 NY2d 734 [2002]; *People v Burden*, 288 AD2d 821 [2001], *lv denied* 97 NY2d 751 [2002]).

We reject defendant's contention that the loss of certain trial exhibits precludes adequate appellate review where, as here, the information in the missing exhibits can be gleaned from the record and there is no dispute with respect to the accuracy of that information (*see People v Yavru-Sakuk*, 98 NY2d 56, 59-60 [2002]; *People v Skinner*, 298 AD2d 625, 626 [2002]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Gorski, Martoche and Hayes, JJ.