THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN A. CAMPBELL, Appellant. [788 NYS2d 787]—Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered August 16, 2002. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree, criminally using drug paraphernalia in the second degree (three counts) and criminal possession of a weapon in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), three counts of criminally using drug paraphernalia in the second degree (§ 220.50 [1]-[3]), and two counts of criminal possession of a weapon in the fourth degree (§ 265.01 [1]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People's theory at trial was that de-

fendant had constructive possession of the cocaine, and the People presented legally sufficient evidence establishing that defendant "exercised 'dominion or control' over the property by a sufficient level of control over the area in which the contraband [was] found" (*People v Manini*, 79 NY2d 561, 573 [1992]; *see also People v Francis*, 79 NY2d 925 [1992]). We further conclude that the jury did not fail to give the evidence the weight it should be accorded and thus that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495; *People v Jackson*, 11 AD3d 928, 929 [2004]).

Also contrary to the contention of defendant, he was not denied effective assistance of counsel. The "evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]). Furthermore, the sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.