■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. BROWN, Appellant. [855 NYS2d 801]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 3, 2005. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]), defendant contends that the conviction is not supported by legally sufficient evidence because the record establishes that he acted only as an agent for the buyer and the People failed to disprove his agency defense beyond a reasonable doubt. We reject that contention. While it is well settled that "one who acts solely as an agent for the buyer of narcotics cannot be convicted of the crime of selling those narcotics" (*People v Ortiz*, 76 NY2d 446, 448-449 [1990], *remittitur amended* 77 NY2d 821 [1990]), it is also well settled that "[t]he determination as to whether the defendant was a seller, or merely a purchaser doing a favor for a friend, is generally a factual question for the jury to resolve on the circumstances of the particular case" (*People v Lam Lek Chong*, 45 NY2d 64, 74 [1978], *cert denied* 439 US 935 [1978]). Here, the People presented evidence establishing that defendant did more than simply direct the undercover officers to a location where they could purchase crack cocaine. Instead, defendant offered to drive with them to make the purchase, volunteered to help them make the purchase, and vouched for them to the supplier (*cf. People v Johnson*, 238 AD2d 267 [1997], *lv denied* 90 NY2d 894 [1997]; *People v Lopez*, 213 AD2d 255 [1995], *lv denied* 85 NY2d 976 [1995]; *People v Rosario*, 193 AD2d 445 [1993], *lv denied* 82 NY2d 708 [1993]). Further, the jury was entitled to infer from the evidence that defendant had no prior contact with the undercover officers that he was acting not as an agent for the buyers, but rather was acting to further his own interest in selling drugs (*see People v Herring*, 83 NY2d 780, 782-783 [1994]; *Ortiz*, 76 NY2d at 449-450; *see also People v Torrence*, 305 AD2d 1042 [2003], *lv denied* 100 NY2d 625 [2003]). Additionally, an undercover officer testified that it appeared that defendant previously had dealt with the drug supplier in similar situations and that the drug supplier would not have sold the undercover officers crack cocaine had defendant not been present, thus rendering defendant's "behavior, both before and during the sale, . . . consistent with that of a 'steerer' in a drug sales operation" (*Herring*, 83 NY2d at 783; *see Torrence*, 305 AD2d 1042 [2003]; *People v Flocker*, 223 AD2d 451, 452 [1996], *lv denied* 88 NY2d 847 [1996]).

Finally, we reject the further contention of defendant that, in view of his agency defense, the verdict is against the weight of

the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Rather, we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see id.*). Present—Martoche, J.P., Centra, Lunn, Fahey and Gorski, JJ.