■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL BARBER, Appellant. [885 NYS2d 666]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered August 22, 2007. The judgment convicted defendant, upon a jury verdict, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). We reject defendant's contention that the grand jury proceedings were defective, thus requiring reversal, because the prosecutor failed to instruct the grand jury on the agency defense. "[T]he question of whether a particular defense need be charged depends upon its potential for eliminating a needless or unfounded prosecution . . . , e.g., whether, had the [g]rand [j]ury believed that defendant's acts were justified, no indictment would have been returned" (*People v Torrence*, 305 AD2d 1042, 1043 [2003], *lv denied* 100 NY2d 625 [2003]). Here, upon our review of the evidence before the grand jury, we conclude that it did not "so clearly support the defense of agency as to require its submission" (*People v Walker*, 265 AD2d 835, 835 [1999], *lv denied* 94 NY2d 831 [1999]; *see People v Thompson*, 174 AD2d 1007 [1991], *lv denied* 78 NY2d 1082 [1991]; *cf. People v Jenkins*, 157 AD2d 854, 855 [1990]), and defendant neither testified before the grand jury nor requested that the defense be charged (*see Torrence*, 305 AD2d at 1043; *People v Beverly*, 148 AD2d 922 [1989], *lv denied* 74 NY2d 661 [1989]). Contrary to the further contention of defendant, County Court did not abuse its discretion in denying his motion for substitution of counsel, inasmuch as defendant failed to demonstrate good cause for that relief (*see generally People v Sides*, 75 NY2d 822, 824 [1990]; *People v Reese*, 23 AD3d 1034 [2005], *lv denied* 6 NY3d 779 [2006]). Contrary to the further contentions of defendant, he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Finally, the record does not support the contention of defendant that he was penalized for exercising his right to go to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]; *People v Laws*, 41 AD3d 1205, 1206-1207 [2007], *lv denied* 9 NY3d 991 [2007]). Present—Martoche, J.P., Smith, Peradotto, Carni and Green, JJ.