# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1003**
**KA 12-00426**
PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RICHARD E. SHINEBARGER, DEFENDANT-APPELLANT.

---

KELIANN M. ELNISKI, ORCHARD PARK, FOR DEFENDANT-APPELLANT.

KEITH A. SLEP, DISTRICT ATTORNEY, BELMONT, FOR RESPONDENT.

---

Appeal from a judgment of the Allegany County Court (Thomas P. Brown, J.), rendered July 14, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and course of sexual conduct against a child in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [4]) and course of sexual conduct against a child in the first degree (§ 130.75 [1] [b]). Defendant failed to preserve for our review his contention that the People did not establish an adequate chain of custody with respect to the underwear collected from defendant's home and the rape kit performed on the victim (*see People v Alexander*, 48 AD3d 1225, 1226, *lv denied* 10 NY3d 859). In any event, that contention lacks merit. "The police provided sufficient assurances of the identity and unchanged condition of th[at] evidence . . . , and thus any alleged gaps in the chain of custody went to [its] weight . . . , not its admissibility" (*People v Kennedy*, 78 AD3d 1477, 1478, *lv denied* 16 NY3d 798; *see People v Hawkins*, 11 NY3d 484, 494; *People v Julian*, 41 NY2d 340, 343).

Defendant raises several points in support of his challenge to the verdict as against the weight of the evidence. First, defendant contends that County Court erred in admitting hearsay evidence in the form of the victim's verbal disclosure of the rape. We reject that contention on the ground that the victim's statements were admissible under the prompt outcry exception to the rule against hearsay (*see generally People v Shelton*, 1 NY3d 614, 615). Defendant further contends that the court erred in overruling his objection to certain testimony of a police officer as "oblique" or indirect hearsay. We reject that contention on the ground that the officer's testimony "did not implicate acts that were intended as or could be interpreted as .

1003
KA 12-00426

. . assertion[s]" (*People v Carpenter*, 52 AD3d 1050, 1051, *lv denied* 11 NY3d 735, *cert denied* ___ US ___, 129 S Ct 1613; *see People v Salko*, 47 NY2d 230, 239, *remittitur amended* 47 NY2d 1010). Defendant also challenges the credibility of the People's witnesses, but we cannot conclude that the testimony of those witnesses was "so inconsistent or unbelievable as to render it incredible as a matter of law" (*People v Black*, 38 AD3d 1283, 1285, *lv denied* 8 NY3d 982). We note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]). Thus, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's further contention, the court properly exercised its discretion in denying his motion for new assigned counsel. "The court conducted the requisite inquiry when defendant made his . . . request for substitution of counsel and concluded that defendant's objections[, which concerned defense counsel's lack of candor in advising him,] were without merit" (*People v Johnson*, 103 AD3d 1251, 1251, *lv denied* 21 NY3d 1005; *see People v Barber*, 66 AD3d 1370, 1371, *lv denied* 13 NY3d 937; *see generally People v Porto*, 16 NY3d 93, 99-100). Finally, although not raised by defendant, we note that the prosecutor improperly asked defendant on cross-examination whether the prosecution witnesses were lying. We again forcefully condemn such questions (*see People v Washington*, 89 AD3d 1516, 1516-1517, *lv denied* 18 NY3d 963), although we note that the issue would not require reversal of the judgment herein inasmuch as the prosecutor's misconduct did not substantially prejudice defendant (*see People v Paul*, 212 AD2d 1020, 1021, *lv denied* 85 NY2d 912).

Entered: October 4, 2013                    Frances E. Cafarell
                                            Clerk of the Court